UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **TAMMY JEAN LOTT** | * | **CIVIL ACTION NO.  17-0783** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for attorney's fees [doc. # 16] filed by plaintiff Tammy Jean Lott pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412.  The Commissioner does not contest the fee award, but submits that the EAJA award and expenses should be payable to plaintiff, in care of her attorney.  (Gov.'t Response [doc. # 20]).  As detailed below, it is recommended that the motion be GRANTED, as modified, and that the Commissioner be ordered to pay attorney and paralegal fees in the amount of $3,925.00 (18.2 attorney hours at $175.00 per hour and 7.4 paralegal hours at $100 per hour) plus $17.67 in expenses.

### Analysis

**I.      EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.

*Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

**II.     Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . **attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee**.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In *Montgomery v. Colvin*, this court recently weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $175 for attorney work performed in 2014 and beyond. *See Montgomery v. Colvin*, Civ. Action No. 14-3120 (W. D. La. Aug. 16, 2016) (Superseding Report and Recommendation [doc. # 30]). In accordance with the findings and

---

[1] On August 21, 2018, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 15]).

analysis set forth in *Montgomery v. Colvin*, the court will award fees in this case at an hourly rate of $175.

Plaintiff requests compensation for paralegal work at an hourly rate of $100. In 2012, another division of this court approved an EAJA fee award for paralegal time at a rate of $75 per hour. *Phillips v. Astrue*, No. 10-1523, 2012 WL 1867267, at *1 (W.D. La. May 21, 2012). More recently, the Middle District of Louisiana also approved a rate of $75 for paralegal work in light of the increase to their hourly rate for attorneys to $150. *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *2 (M.D. La. Sept. 6, 2016). Here, considering this district's hourly rate of $175 for attorney work, and given the Commissioner's lack of opposition to the requested hourly rate, the court finds that a rate of $100 per hour for paralegal work is reasonable. *See In re Cmty. Home Fin. Servs., Inc.*, No. 1201703EE, 2015 WL 6511183, at *23 (Bankr. S.D. Miss. Oct. 27, 2015) (reasonable maximum hourly rate for paralegals in the SDMS was $125).

### III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Plaintiff's attorneys and paralegals assert that they expended a total of 25.6 hours on this case. The undersigned has reviewed the itemization of hours submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

### IV.  Expenses

Litigation expenses are compensable under the EAJA provided they are reasonable and necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988). Here, plaintiff seeks to recover $17.67 in certified mail expenses. The court finds that the requested expenses are reasonable and necessary.

### V.  Check Payable to Plaintiff

Plaintiff's counsel contends that payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, the court has considered and rejected this argument previously. *See McLeland v. Astrue*, Civ. Action No. 09-0219 (W.D. La. 2010) [doc. #s 44-5] (James, J.). The same result is compelled here.

### Conclusion

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 16] be GRANTED, as modified, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Tammy Jean Lott for attorney and paralegal fees in the amount of $3,925.00 (18.2 attorney hours at $175.00 per hour and 7.4 paralegal hours at $100 per hour), plus $17.67 in expenses.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 17th day of December 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE